IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                      Case no. 5:11-cr-50055-001

MARY BENZ                                                             DEFENDANT

**ORDER**

Currently before the Court is Defendant Mary Benz's motion (Doc. 25) for modification or reduction of sentence. The United States has filed a response (Doc. 26) in opposition.

On December 11, 2011, this Court sentenced Defendant to a term of incarceration of 36 months, to be followed by two years of supervised release; restitution in the amount of $388,945.42; a $7,500 fine; and a $100 special assessment. Defendant filed the instant motion *pro se* on September 16, 2013, seeking a reduction of her sentence pursuant to 18 U.S.C. § 3553[1] based on her post-conviction rehabilitation activities. "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). Section 3553 does not authorize this Court to modify or reduce a sentence that has already been imposed. However, a *pro se* litigant's pleadings are to be construed liberally, *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004), and therefore the Court will consider whether it otherwise has the authority to grant the requested relief.

Here, Defendant seeks modification of a sentence that has already been imposed, which is governed by 18 U.S.C. § 3582(c). According to § 3582(c), a court may not modify an imposed term

---

[1] Defendant's motion occasionally refers to 18 U.S.C. § 3535; however, the Court assumes this is a typographical error.

of imprisonment unless one of the limited exceptions enumerated in the statute applies. Specifically, there are three instances in which modification is permitted: (1) on motion of the Bureau of Prisons, when certain requirements are met; (2) where another statute or Federal Rule of Criminal Procedure 35 expressly allow a sentence modification; and (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the United States Sentencing Commission. *See* 18 U.S.C. § 3582(c). Only the second exception is relevant in this case; however, the Court is unaware of any other statute that authorizes reduction of Defendant's sentence, and Rule 35 does not apply. Accordingly, the Court agrees with the United States' conclusion that although Defendant's rehabilitative efforts are commendable, the Court lacks the authority to re-sentence Defendant based on her post-conviction rehabilitation.

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 25) for modification or reduction of sentence is DENIED.

IT IS SO ORDERED this 11th day of December, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE